## Lucretia Tucker *v.* D. Gordon.

Where a bill of exceptions showed that it was taken after the adjournment of the court, to a judgment overruling a motion for a new trial, without its appearing that the motion was taken under advisement, it was held insufficient.

It is competent to prove, in a suit on a parol award, what matters were submitted to the arbitrators, and the interest of the defendant in them.

IN ERROR from the circuit court of the county of Amite.

Assumpsit on parol award.

Adams testified, that certain matters in dispute between plaintiff and defendant had been submitted to the arbitrament of himself and others. On cross examination the witness was asked what the matters in controversy were; and also whether they were of such nature that defendant could have any interest in them; which questions were objected to, and ruled out by the court.

On verdict being rendered in favor of the plaintiff, defendant moved for a new trial, which being overruled, she took a second bill of exceptions, which stated, that in January, 1841, certain matters in dispute between plaintiff and defendant were submitted to the decision of himself and others; on hearing they awarded to the plaintiff the sum of four hundred and fifty-seven dollars and seventy-eight cents, with interest. A paper was read to him which he said contained the substance of the award, but the paper was not read to the jury.

White testified that he and others were requested by the parties to arbitrate certain matters in dispute. They awarded the plaintiff four hundred and fifty-eight dollars and seventy-eight cents, and Mrs. Tucker was to have four years to pay the money. The defendant being dissatisfied, the arbitrators again took the matter under consideration, and finally awarded that the plaintiff should

Tucker *v.* Gordon.

have that sum, with interest, payable out of certain property in which she had a life estate, after her death.

This bill of exceptions was filed after the adjournment of the court, and was certified as follows: "Given under my hand and seal, this fourth day of January, as of the term of trial aforesaid."

MONTGOMERY, for plaintiff in error.

A preliminary question arises as to the propriety of making the last bill of exceptions a part of the record. This bill of excep- tions was taken under the authority of a statute, which prescribes the terms on which an exception to the decision of the court refu- sing to grant a new trial may be allowed. The party must re- duce the reasons offered for a new trial, the substance of the evi- dence and the opinion of the court to writing, and the same shall be signed and sealed and made a part of the record. How. & Hutch. 493. It is well settled that a bill of exceptions may be signed *nunc pro tunc,* and such is the certificate of the judge. Walton's case, 9 Wheat. Rep. 651.

If this bill of exceptions is admitted, it is clear the new trial should have been granted, for one of the plaintiff's witnesses proves that the sum awarded to the plaintiff was not to be paid until after defendant's death, and was then to be paid out of a spe- cific fund. This was uncontradicted, and cannot be doubted, be- cause the plaintiff cannot be allowed to discredit his own witness, although he might be allowed to prove the contrary.

But we believe the first bill of exceptions shows an error, for which the court should reverse the judgment. The evidence sought to be given, furnished a full defence to the action. It was intended to show that there was no consideration for the promise to abide by an award. If defendant had no interest whatever in the matters in dispute, but they were in truth claims against a relative for whom she was not bound to provide, or if they were demands against her as administratrix, her promise to perform the award would not bind her, because it was not in writing. See How. & Hutch. 370, sec. 1.

The language of the declaration partly shows that the matters in controversy were such as defendant may have had no interest

in; but if the questions could have been answered in such manner as to show that the promise to perform the award was a mere *nud. pact.* or such an agreement as the law would not enforce, we were entitled to the benefit of it. The only question is, had the defendant a right to prove what matters in controversy were submitted? If the court establish the doctrine that no such inquiry can be made, it will more effectually shut out all remedy against usurious or gambling contracts.

Again: the evidence was admissible, because it was the duty of the arbitrators to decide on all the matters submitted, and no other; and it could not be known whether that had been done without first ascertaining what was submitted. 1 Bac. Ab. 274, 282; 5 Eng. Com. Law Rep. 20.

W. YERGER for defendant.

The only point to which I shall call the attention of the court arises on the amended record. By that it will be seen that the bill of exceptions was signed in vacation, after the adjournment of the court, and there was no exception taken during the term. At the adjournment of the court, all control of the case in the judge ceased, and unless the party moving for a new trial presented his bill of exceptions before the adjournment, his right to it ceased. To permit the judge, at any time during vacation, at the instance of a party, to draw up and sign a bill of exceptions, would open a door to the grossest injustice and fraud. The taking of a bill of exceptions is generally the most important point in a cause which a party intends to carry to the High Court; and each party has a right to be present, in order that each may suggest to the court the different views each entertains of the testimony. A single word may change the whole character and purport of a witness's testimony. Whether the witness used it or not, the court may not distinctly recollect when the bill of exceptions is presented by the counsel excepting; whereas, if the adverse party had his counsel present, he might make such suggestions to the court as would cause, by association of ideas, immediately to remember the whole matter.

The case in 9 Wheat. 651, only decides that during the same

term the court may sign a bill of exceptions, *nunc pro tunc.* This position no person would controvert; at least I do not. But a signing during the term, when each party is in court, and during vacation, are very different things. A bill of exceptions is a part of the record, and the power of the court over the record, to alter, amend or change in any way, ceases with the term, unless otherwise provided by statute. Tidd's Pr. 696, 711.

In this case, the judge has attempted, in vacation, to put that upon the record, which changes the whole aspect of the case.

As to the time when bills of exception should be reduced to writing, see Tidd's Pr. 863.

*Per Curiam.*

Gordon brought this action on a parol award. During the trial a witness was introduced by the plaintiff below, who stated that certain matters had been submitted to him and two others by the plaintiff and defendant, for them to arbitrate, on which they had made their award. The defendant's counsel asked the witness to state what those matters were, which was objected to, and the witness not permitted to answer. He was also asked by defendant's counsel, if the nature of the difference was such that defendant had, or could have, any interest whatever in it. This also was objected to and ruled out, and the defendant excepted.

A motion was made for a new trial, but the bill of exceptions to the opinion in overruling the motion was taken in vacation, without any evidence that the motion was taken under advisement, and without any proper foundation to authorize it. This exception can have no weight. The case must turn exclusively on the propriety of rejecting the answers to the questions propounded by defendant's counsel.

It was a parol submission and a parol award, and of course not entitled to the conclusive character which belongs to awards and submissions in writing. There is an obligation on the part of arbitrators to consider of every thing submitted to them; and, even in courts of law, it is competent for the defendant to show that the arbitrators have not pursued their authority. 16 East. 58.

In such cases it is considered that there was no award, and of

course it loses its conclusive character. This must undoubtedly be proper in mere parol submissions and parol awards, that have to be fully proven by witnesses. The testimony of witnesses constitutes the only guide to the nature and extent of the submission. The questions asked tended directly to this point, and were therefore proper.

Judgment reversed, and *venire de novo* awarded.